**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **STEPHANIE MIA GREEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:25-cv-00397-MDH** |
| | ) | |
| **FRANK BISIGNANO,** | ) | |
| Commissioner of the Social Security | ) | |
| Administration**,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

Before the Court is Plaintiff's appeal of the Social Security Administration Commissioner's denial of her application for a period of disability and disability insurance benefits. Plaintiff has exhausted her administrative remedies, and the matter is now ripe for judicial review. After carefully reviewing the record, the Court finds the Commissioner's decision is supported by substantial evidence in the record as a whole. Therefore, the decision is **AFFIRMED**.

**BACKGROUND**

The procedural history, facts, and issues of this case are found in the record and the parties' briefs, so they are only summarized here. On January 17, 2022, Plaintiff applied for a period of disability and disability insurance benefits and was denied. It was denied again upon reconsideration exactly one year later. Plaintiff timely filed a request for an administrative law judge ("ALJ") hearing, which was held on December 6, 2023. The ALJ issued an unfavorable

decision. Plaintiff timely filed for review before the Appeals Council, which concluded there was no basis to grant her request for review.

The ALJ found Plaintiff suffers from the following severe impairments: fibromyalgia, Grave's disease, obesity, osteoarthritis, sacroiliac (SI) joint dysfunction, diabetes with peripheral neuropathy, and migraines.[1] After finding these impairments did not meet or equal a listed impairment, the ALJ determined Plaintiff retains the residual functional capacity ("RFC"):

> to perform light work as defined in 20 CFR 404.1567(b) except the claimant can occasionally lift/carry up to 20, and frequently lift/carry up to 10 pounds, stand/walk in combination in up to 4 hours and sit up to 6 hours in an eight-hour workday. The claimant can occasionally climb ramps or stairs but never climb ladders, ropers, or scaffolding. The claimant can occasionally stoop but never kneel, crouch, or crawl. The claimant must avoid extreme cold weather and excessive vibrations. The claimant must avoid unprotected heights. The claimant would need to avoid overhead reaching bilaterally, but she can frequently reach in all other directions bilaterally. The claimant can be exposed to no more than a moderate noise environment.

The ALJ concluded Plaintiff could perform her past relevant work. On appeal, Plaintiff argues the ALJ did not include any mental restrictions in the RFC finding and did not further evaluate Plaintiff's mental ability to perform skilled work tasks. Plaintiff also argues the ALJ erred by failing to provide good reasons for finding that Plaintiff's subjective reports of symptoms were not consistent with the evidence of record.

## STANDARD OF REVIEW

Judicial review of the Commissioner's decision is a limited inquiry into whether substantial evidence supports the findings of the Commissioner and whether the correct legal standards were applied. *See* 42 U.S.C. §§ 405(g), 1383(c)(1)(B)(ii)(3). Substantial evidence is less than a

---

[1] The ALJ also found that Plaintiff's hyperthyroidism, abdominal dysfunction status – post cholecystectomy, urinary tract infections, hypertension, asthma, restless leg syndrome, and degenerative disc disease were non-severe impairments. She additionally noted depression as an impairment of minimal limitation.

preponderance of the evidence and requires enough evidence to allow a reasonable person to find adequate support for the Commissioner's conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Freeman v. Apfel*, 208 F.3d 687, 690 (8th Cir. 2000). This standard requires a court to consider both the evidence that supports the Commissioner's decision and the evidence that detracts from it. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). That the reviewing court would come to a different conclusion is not a sufficient basis for reversal. *Wiese v. Astrue*, 552 F.3d 728, 730 (8th Cir. 2009). Rather, "[i]f, after review, we find it possible to draw to inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the denial of benefits." *Id.* (quoting *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996)).

**DISCUSSION**

After a full and careful review of the record and the parties' briefs, the Court affirms the Commissioner's decision for the reasons set forth herein.

Plaintiff contends, in part, that the Commissioner's decision should be reversed because the ALJ failed to consider the impact Plaintiff's depression had on her ability to perform her past skilled work. Specifically, Plaintiff argues that the ALJ's evaluation of Plaintiff's mental impairment considered only her ability to perform basic mental work activities and provided no analysis of how the impairment impacted her RFC. Plaintiff also argues that the ALJ failed to provide good reasons for finding that Plaintiff's subjective reports of symptoms were not consistent with the evidence of record.

The ALJ properly considered Plaintiff's alleged limitations. The ALJ found that Plaintiff's depression is non-severe and does not cause more than minimal limitation in her ability to perform basic mental work activities. The judge noted that there is only one incident relating to Plaintiff's

depression in the record and that Plaintiff does not claim to take medication for the illness. Analyzing the four broad functional areas of mental functioning (known as "paragraph B" criteria), the ALJ found a mild limitation in each area. In Step 5, the ALJ found persuasive the State agency assessments of Plaintiff by Drs. Mark Altomari, Ph.D., and Steven Akeson, Psy.D (both finding that Plaintiff has only mild limitations "due to her mental disorders," which qualifies them as non-severe). The ALJ reasoned that the assessments are "supported by [the doctors'] detailed summary and analysis of the evidence they reviewed" and "consistent with the evidence of record" before again pointing out that Plaintiff is not medicated for her depression and reports only one prior "episode" relating to her mental illness. In light of this analysis, the ALJ found that Plaintiff is capable of performing her past relevant work and not as limited as she alleged.

The record shows that the ALJ made factual determinations regarding the above evidence through proper analysis of Plaintiff's depression. The ALJ properly considered Plaintiff's subjective complaints regarding her depression, the reports of medical and psychological professionals, and Plaintiff's own assertions regarding her ability to function on a day-to-day basis. Based upon the record, the Court finds that the ALJ properly considered Plaintiff's alleged limitations and that there is substantial evidence in the record to support the ALJ's RFC. Therefore, the ALJ's RFC is affirmed.

## CONCLUSION

For the reasons stated herein, the Court finds the Commissioner's decision is supported by substantial evidence in the record as a whole. Therefore, the Commissioner's denial of benefits is hereby **AFFIRMED**.

**IT IS SO ORDERED.**

DATED: September 30, 2026

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**